# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>EFRAIN AMBROSIO-LOPEZ<br><br>*Defendant(s)* | )<br>)<br>) Case No. **CR 25-71520-MAG**<br>)<br>)<br>)<br>) |

**FILED**

Dec 23 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 15, 2021 in the county of Santa Clara in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(2) | Illegal Reentry Following Removal |

This criminal complaint is based on these facts:

See attached affidavit of ICE Deportation Officer Andrew Tayaba.

☑ Continued on the attached sheet.

/s/ Andrew Tayaba w/permission by VKD
*Complainant's signature*

Approved as to form _____
/s/ AUSA Jeffrey A. Backhus

ICE Deportation Officer Andrew Tayaba
*Printed name and title*

Sworn to before me by telephone.

Date: December 23, 2025

*Judge's signature*

City and state: San Jose, CA

Virginia K. DeMarchi, U.S. Magistrate Judge
*Printed name and title*

## ARREST WARRANT AND CRIMINAL COMPLAINT

I, Andrew Greg Tayaba, a Deportation Officer with Immigration and Customs Enforcement, being duly sworn, hereby declare as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Efrain AMBROSIO-LOPEZ** ("**AMBROSIO-LOPEZ**") with a violation of 8 U.S.C. §§ 1326(a) and (b)(2).

2. There is probable cause to believe that on, or about, May 15, 2021, in the Northern District of California, **AMBROSIO-LOPEZ**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, May 16, 2018, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission.

3. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts in this affidavit are based on my personal observations, my training and experience, records and reports, and information provided to me by other law enforcement officials and witnesses.

## AFFIANT BACKGROUND

1. I am a Deportation Officer of DHS ICE ERO and have been so employed in this capacity since June 2006. I am currently assigned to ERO Criminal Prosecution ("ECP") of the San Jose Sub-Office (SNJ). I am a law enforcement officer of the United States within the meaning of 8 U.S.C. 1101(18). I was trained as a Deportation Officer at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia.

2. I have received advanced training at the FLETC in Glynco, Georgia, for the Fugitive Operations Training Program ("FOTP"). As a Deportation Officer, I have conducted and participated in law enforcement investigations to identify, locate, arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety.

3. I have conducted complex investigations, executed arrests, prepared cases for removal proceedings and prosecution, and managed detention and removal of foreign nationals ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

4. I have participated in the investigation discussed in this Affidavit. I have also discussed the investigation with members of other law enforcement agencies involved in it. I have reviewed records and reports related to this investigation.

5. I am an immigration officer of the United States within the meaning of 8 U.S.C. 1101(18). I am empowered by law and regulation to interrogate, arrest, and search for individuals present in the United States in violation of law or regulation. I am further empowered by law and regulation to make arrests for felony offenses under any law of the United States regulating the admission, exclusion, or removal of aliens. I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have reasonable grounds to believe the individual arrested has committed a felony against the United States. Additionally, I am authorized to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.

## SOURCES OF INFORMATION

6. The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

7. I have received **AMBROSIO-LOPEZ**'s A-file and have reviewed his prior removal documents.

8. I have also reviewed the printouts of ICE computer indices on **AMBROSIO-LOPEZ**. I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.

9. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

10. Under 8 U.S.C. §§ 1326(a), it is unlawful for **AMBROSIO-LOPEZ** to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

11. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

(1) the defendant was removed from the United States;

(2) thereafter, the defendant voluntarily entered the United States;

(3) after entering the United States the defendant knew that he was in the United States and knowingly remained;

(4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

(5) the defendant was an alien at the time of the defendant's entry into the United States; and

(6) the defendant was free from official restraint at the time he entered the United States; and

12. The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

13. Pursuant to 8 U.S.C. § 1326(b)(2), any alien whose removal was subsequent a conviction for an aggravated felony, shall be fined under Title 18, or imprisoned not more than 20 years, or both.  Pursuant to 8 U.S.C. § 1101(a)(43)(F), aggravated felonies include a crime of violence (as defined 18 U.S.C. § 16) punishable by a term of imprisonment one year.

## FACTS SUPPORTING PROBABLE CAUSE

14. **AMBROSIO-LOPEZ** is a citizen and national of Guatemala.

15. **AMBROSIO-LOPEZ** is a 41-year-old male and been assigned Alien Registration Number A 088 891 539.

16. On June 6, 2008, **AMBROSIO-LOPEZ** was convicted of, among other things, hit and run with death or injury, in violation of California Vehicle Code § 20001(A), and was sentenced to at least sixteen months in prison.

17. On July 5, 2008, **AMBROSIO-LOPEZ** was convicted of, among other things, hit and run with injury, in violation of California Vehicle Code § 20001(B)(1), and was sentenced to at least sixteen months in prison.

18. On November 25, 2008, Immigration Judge Scott Jeffries, in Florence, Arizona, issued an order of removal for AMBROSIO-LOPEZ, and AMBROSIO-LOPEZ was removed from the United States to Guatemala.

19. On an unknown date after November 25, 2008, **AMBROSIO-LOPEZ** voluntarily, and illegally, entered the United States at an unknown place.  In addition, according to ICE indices and his A-file, **AMBROSIO-LOPEZ** never received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

20. On November 3, 2011, **AMBROSIO-LOPEZ** was convicted of assault with a deadly weapon not a firearm: GBI likely, in violation of California Penal Code § 245(a)(1) and was sentenced to at least three years in prison.

21. On March 12, 2013, pursuant to the original November 25, 2008 order of removal, the government again removed **AMBROSIO-LOPEZ** from the United States to Guatemala.

Affidavit of Andrew Greg Tayaba
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                                    4

22. At a time and location unknown but after March 12, 2013, **AMBROSIO-LOPEZ** retuned to the United States without inspection. In addition, according to ICE indices and his A-file, **AMBROSIO-LOPEZ** never received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

23. On May 16, 2018, pursuant to the original November 25, 2008 order of removal, the government again removed **AMBROSIO-LOPEZ** from the United States to Guatemala.

24. At a time and location unknown but after May 16, 2018, **AMBROSIO-LOPEZ** retuned to the United States without inspection. In addition, according to ICE indices and his A-file, **AMBROSIO-LOPEZ** never received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

25. On or about, May 15, 2021, **AMBROSIO-LOPEZ** was arrested by the San Jose Police Department in, San Jose, California, which is within the Northern District of California, for assault with a deadly weapon not a firearm: GBI likely, in violation of California Penal Code § 245(A)(1), obstructing a public officer, in violation of California Penal Code § 148(A)(1), and giving false I.D. to a peace officer, in violation of California Penal Code § 148.9(A). There is no disposition listed in **AMBROSIO-LOPEZ**'s criminal history report for these offenses.

26. On May 15, 2021, **AMBROSIO-LOPEZ**'s fingerprints were taken as part of the standard booking procedures conducted by the Santa Clara County Sheriff's Office after the arrest by the San Jose Police Department.

27. On October 23, 2025, **AMBROSIO-LOPEZ** was arrested again, this time for Battery: Spouse/Ex Spouse/Date/Etc in violation of California Penal Code § 243(e)(1), Drive: License Suspended/Etc: DUI: Specific Violation in California Vehicle Code § 14601.2(a), and DUI Alcohol in violation of California Vehicle Code § 23152(a).

28. On October 23, 2025, **AMBROSIO-LOPEZ**'s fingerprints were taken as part of the standard booking procedures conducted by the Santa Clara County Sheriff's Office after the arrest by the San Jose Police Department.

29. The fingerprints obtained for the booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases.

30. On or about October 24, 2025, I conducted electronic records checks using various DHS records to verify **AMBROSIO-LOPEZ** fingerprint identification number ("FIN"). The printouts of ICE computer indices on **AMBROSIO-LOPEZ** through Person Centric Identity Services ("PCIS"), DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS") all confirm **AMBROSIO-LOPEZ**'s FIN to be 1070931443.

31. I then compared **AMBROSIO-LOPEZ**'s FIN 1070931443 to the FIN obtained from **AMBROSIO-LOPEZ** at his San Jose Police Department arrest on October 23, 2025. I determined that **AMBROSIO-LOPEZ** was the person whose details are contained in the computer indices and A-File discussed herein.

32. Based on my training and experience, government records, and the observations of the ICE deportation officer, there is probable cause to believe **AMBROSIO-LOPEZ** reentered the United States after a previous removal. **AMBROSIO-LOPEZ** was an alien at the time of his reentry into the United States and did not obtain the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

## CONCLUSION

33. Based on the information above, there is probable cause to believe that on or about **AMBROSIO-LOPEZ** violated 8 U.S.C §§ 1326(a) & (b)(1) – Illegal Reentry Following

///
///
///
///

Affidavit of Andrew Greg Tayaba
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                  6

Removal by an Aggravated Felon. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

      I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

/s/ Andrew Greg Tayaba w/permission by VKD
Andrew Greg Tayaba
Deportation Officer
Immigration and Customs Enforcement

      Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on December 23, 2025.

Hon. Virginia K. DeMarchi
United States Magistrate Judge
